IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN P. RHODES,<br><br>        Plaintiff,<br><br><br><br><br>            vs.<br><br><br><br>WELLS FARGO HOME MORTGAGE,<br>DIRECT MORTGAGE CORPORATION,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., and<br>DOES 1-X,<br><br>        Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS<br>WELLS FARGO HOME<br>MORTGAGE AND MORTGAGE<br>ELECTRONIC SYSTEMS, INC.'S<br>MOTION TO DISMISS<br><br><br><br><br>Case No. 2:10-CV-393 TS |

This matter is before the Court on Defendants Wells Fargo Home Mortgage and

Mortgage Electronic Registration Systems' ("MERS") (Defendants) Motion to Dismiss. This

action is based on a residential mortgage. For the reasons discussed below, the Court will grant

the Motion.

**I. Background**

This action was originally filed in the Second Judicial District of Weber County, and was

removed to this Court on May 3, 2010. The following facts are taken from the Complaint.

Plaintiff alleges that he obtained a loan with Direct Mortgage Corporation. He goes on to state

that Direct Mortgage Corporation "may have been succeeded by Wells Fargo Home Mortgage."

Plaintiff purchased property ("The Property"), which is the subject of this litigation, around

October 30, 2007. Plaintiff alleges that MERS was not the beneficiary of the Deed of Trust, and

without authority, authorized eTitle Insurance Agency ("eTitle") to become a substitute trustee of

the Deed of Trust that Plaintiff obtained with Superior Lending. Plaintiff alleges that on or about

May 8, 2009, eTitle recorded a Notice of Default against The Property. Plaintiff alleges that

sometime in 2009, he discovered that MERS, Direct Mortgage Corporation, Wells Fargo Home

Mortgage and eTitle Insurance Agency violated "various laws, one of which was that Plaintiff

never received proper notice that he could rescind his loan under Regulation Z and the Truth in

Lending Act ("TILA"). Plaintiff alleges that he provided a notice of rescission to Wells Fargo on

June 12, 2009, and in accordance with 15 U.S.C. § 1635(b), Defendants should have therefore

ceased the foreclosure process and voided the security interest. Plaintiff alleges that all

Defendants have "failed to comply."

Plaintiff further alleges that Direct Mortgage, Wells Fargo and MERS have violated the

law because the Deed of Trust contained a false representation on its face by representing that

MERS was a beneficiary of the Deed of Trust. Plaintiff also alleges seven TILA violations

including: 1) failure to obtain financial documentation verifying Plaintiff's ability to repay the

loan; 2) failure to identify and disclose all facts relating to the loan and finance charges; 3)

predatory lending practices by concealing borrower's obligations and creating a loan borrower

could not afford to repay; 4) failure to disclose how finance charges were computed; 5)

2

presentation of terms in the loan document that were not clear and concise in a manner in which

borrower could comprehend; 6) failure to possess original loan documents; and 7) other

violations unascertainable until after discovery has been completed.

## II. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual

allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts

to state a claim to relief that is plausible on its face."[2]  All well-pleaded factual allegations in the

amended complaint are accepted as true and viewed in the light most favorable to the nonmoving

party.[3]  But, the court "need not accept conclusory allegations without supporting factual

averments."[4]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence

that the parties might present at trial, but to assess whether the plaintiff's complaint alone is

legally sufficient to state a claim for which relief may be granted."[5] The Supreme Court has

explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to

---

[1]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[2]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[3]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

plausible" in order to survive a motion to dismiss.[6]  Thus, the mere metaphysical possibility that

some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the

complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

mustering factual support for these claims.[7]

The Supreme Court recently explained the standard set out in *Twombly* in *Ashcroft v.*

*Iqbal*.[8]  In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual

allegations, it requires "more than unadorned, the-defendant-unlawfully harmed-me

accusation[s]."[9]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"[10] "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"[11]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*.  First, the tenet
> that a court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a
> notable and generous departure from the hyper-technical, code-pleading regime of
> a prior era, but it does not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions.  Second, only a complaint that states a plausible
> claim for relief survives a motion to dismiss.  Determining whether a complaint

---

[6]*Twombly*, 350 U.S. at 570.

[7]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]556 U.S. ___, 129 S.Ct. 1937 (2009).

[9]*Id*. at 1949.

[10]*Id*. (quoting *Twombly*, 550 U.S. at 555).

[11]*Id*. (quoting *Twombly*, 550 U.S. at 557).

4

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[12]

### III. Analysis

The Court generally finds that Plaintiff's Complaint is largely devoid of details and is made up of the "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]"[13] rejected by the Supreme Court.

Plaintiff's First (quite title), Second (injunctive relief), Sixth (fraud) and Seventh (civil conspiracy) causes of action are based on the premise that he was entitled to rescind the mortgage under TILA. Defendants move for dismissal of Plaintiff's TILA claims, asserting that TILA does not apply to this loan.

15 U.S.C. § 1635(a) sets out TILA's right to rescind:

[I]n the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the

---

[12]*Id*. at 1949-50 ( internal quotation marks and citations omitted).

[13]*Id*. at 1949.

transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

TILA exempts "residential mortgage transactions" from the rescission provisions of 15 U.S.C. § 1635.[14] A "residential mortgage transaction" is defined as "a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."[15]

Here, the transaction at issue is a residential mortgage transaction because the loan was obtained to finance the acquisition of a dwelling.[16] Therefore, § 1635 is not applicable. A number of courts,[17] including this one,[18] have so held.

In response to Defendants' motion, Plaintiff argues that Defendants lack standing because there is no evidence that any of Defendants were ever a holder in due course of the note.

---

[14] 15 U.S.C. § 1635(e)(1).

[15] *Id*. § 1602(w).

[16] *See* Docket No. 7 at ¶ 1, Docket No. 4 at ¶ 8.

[17] *See, e.g., Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp. 2d 1253, 1261 (D. Colo. 2004) ("[T]here is no statutory right of rescission . . . where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside.") (citing cases).

[18] *See Grealish v. Am. Brokers Conduit*, 2009 WL 2992570, *2 (D. Utah Sept. 16, 2009).

Standing is not an issue, and the discussion on commercial paper, although interesting, is irrelevant.

Because Plaintiff was not entitled to rescind the loan under TILA, and there are no other grounds for rescission, those claims premised on the fact that Plaintiff was entitled to rescind, the First, Second, Sixth and Seventh causes of action, will be dismissed.

Similarly, in order to prevail on his Second cause of action for injunctive relief, Plaintiff must show he has a likelihood of success on the merits,[19] and because TILA does not apply to his mortgage, he does not have a likelihood of success on the merits. Consequently, his second cause of action must be dismissed on this additional ground.

Plaintiff's Third, Fourth, and Eighth causes of action are based on allegations that Defendants violated the Utah Consumer Sales Practices Act ("UCSPA"), other provisions of TILA and the Real Estate Settlement Procedures Act ("RESPA").[20] The underlying allegations of all three claims relate to Defendants conduct, and failure to comply with certain disclosure requirements, at the time the loan was entered into. UCSPA was enacted to protect consumers from deceptive and unconscionable sales practices.[21] The purpose of RESPA is to provide consumers with "more effective advance disclosure to home buyers and sellers of settlement costs" so that they are protected from unnecessarily high settlement charges caused by abusive

---

[19]*See Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001).

[20]12 U.S.C. § 2601 *et seq*.

[21]U.C.A. 1953 § 13-11-2.

practices. [22]

Plaintiff alleges that "disclosure booklets" were not provided by Defendants, and there was therefore no disclosure of the facts of the loan and finance charges. Plaintiff alleges he was damaged by these failures because he paid in excess of what he believed the interest rates to be. Plaintiff also alleges that the lender did not verify Plaintiff's ability to repay the loan. Defendants argue that they were not parties to the initial transactions and therefore are not liable under those provisions. As previously stated, the Complaint only mentions Wells Fargo as a possible successor to Defendant Direct Mortgage Corporation. Additionally, the Complaint identifies MERS only as the nominee and beneficiary of the deed of trust. The Court finds, therefore, that as a matter of law, Defendants cannot be liable for conduct that they did not engage in.

Moreover, under Utah law, a lender does not owe a borrower any fiduciary duties, including such alleged duty to investigate Plaintiff's ability to repay a loan.[23] Further, the UCSPA does not apply to conduct regulated by other state or federal law.[24] Plaintiff also brings the UCSPA claim based on unconscionable conduct. The Court finds that Plaintiff has not alleged any such "unconscionable conduct." Accordingly, the Third, Fourth, and Eighth causes of action will be dismissed.

Plaintiff's Fifth cause of action alleges negligent misrepresentation. To prove negligent

---

[22]12 U.S.C. § 2601(a)-(b)(1).

[23]*State Bank of S. Utah v. Tryo Hygro Sys., Inc.*, 894 P.2d 1270, 1275 (Utah Ct. App. 1995); *First Sec. Bank of Utah N.A. v. Banberry Dev. Corp.*, 786 P.2d 1326, 1333 (Utah 1990).

[24]*Burnett v. Mortgage Electronic Registration Sys., Inc.*, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009).

misrepresentation, Plaintiff must show, among other things that he reasonably relied on the false

or misleading representation.  Plaintiff broadly alleges that Defendants were "in a superior

position to know the material facts and each carelessly and recklessly made false statements

concerning those facts."  Plaintiff, however, never specifically alleges what any of those material

facts were, nor how he subsequently relied on such facts.  Therefore, he has not met his burden

and the Fifth cause of action will be dismissed.

Finally, in addition to failing for the reasons already discussed, Plaintiff's, Sixth and

Eighth causes of action also allege fraud.  Plaintiff's Seventh cause of action alleges civil

conspiracy to commit the fraud alleged in the Sixth cause of action.

> [I]n order to prevail on a claim of fraud, all the elements of fraud must be established by clear and convincing evidence.  Those elements are: (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.[25]

Because Plaintiff's claim alleges fraud it must meet the requirements of Fed. R. Civ. P.

9(b).  Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake."  "Simply stated, a complaint must 'set for the

time, place and contents of the false representation, the identity of the party making the false

---

[25]*Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (citations omitted).

statements and the consequences thereof.'"[26]  "Rule 9(b) requires that a plaintiff set forth the

who, what, when, where and how of the alleged fraud."[27]

Plaintiff makes bare allegations such as "Defendants . . . have committed fraud against

Plaintiffs," "Defendants committed fraud when they listed MERS as the nominee and the

beneficiary on the Deed of Trust on the Property," and "Defendant fraudulently omitted material

facts. . ."  Such allegations to do not allege any of the required elements of fraud, do not state the

who, what, when, where and how of the fraud and thus, do not rise to the required level of

specificity.  Therefore, the Sixth, Seventh and Eighth causes of action will be dismissed on this

additional ground.

### IV. Conclusion

The Court finds that Plaintiff has not met his burden of establishing any "plausible

claims."  TILA does not apply to residential mortgages.  Defendants Wells Fargo Home

Mortgage and MERS were not parties to the initial transaction and thus, necessarily, could not

have failed to make disclosures at the time of the initial transaction as alleged by Plaintiff.

Further, Plaintiff fails to state any material misrepresentations or fraud.  Based on the above, it is

hereby

ORDERED that Defendants Wells Fargo Home Mortgage and Mortgage Electronic

Registration Systems' Motion to Dismiss (Docket No. 5) is GRANTED.

---

[26]*Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[27]*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

The hearing set for August 31, 2010 at 2:30 p.m. is hereby STRICKEN.

DATED   August 16, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge